## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# 24-2275

TIFFANY MINOTT,
*Plaintiff-Appellant*

v.

GOOGLE, LLC,
*Defendant*

v.

WASHINGTON LAW FIRM, PLLC AND THE SPIGGLE LAW FIRM, P.C.
*Movants-Appellees*

_____
_____

On appeal from Orders of the Honorable Margaret M. Garnett in *Minott v. Google, LLC, et al.*, U.S.D.C., S.D.N.Y., Case No.: 24-cv-01674 (MMG)

**PLAINTIFF-APPELLANT'S BRIEF**

Gregory W. Kirschenbaum, Esq.
**ARCÉ LAW GROUP, P.C.**
45 Broadway, Suite 430B
New York, NY 10006
(212) 248-0120
G.Kirschenbaum@arcelawgroup.com
*Attorneys for Plaintiff-Appellant*

# TABLE OF CONTENTS

JURISDICTIONAL STATEMENT..........................................................................1

ISSUES PRESENTED........................................................................................1

STATEMENT OF THE CASE..............................................................................2

STATEMENT OF THE FACTS ...........................................................................2

SUMMARY OF THE ARGUMENT ....................................................................4

STANDARD OF REVIEW..................................................................................5

ARGUMENT .....................................................................................................5

   I.   THE LOWER COURT ABUSED ITS DISCRETION WHEN IT
   RULED THAT A $22,400 LIEN WAS REASONABLE FOR WLF ...............5

   II.  THE LOWER COURT ABUSED ITS DISCRETION WHEN IT
   AWARDED WLF ITS HOURLY RATES ........................................................7

     A.  The District Court abused its discretion when it awarded WLF's staff
     its rates without "satisfactory evidence"..........................................................9

     B.  The District Court abused its discretion when it failed to
     appropriately consider the time, labor, and skills required for the work
     performed by WLF through the EEOC proceedings .................................14

     C.  The District Court abused its discretion when it failed to do a case-
     specific inquiry into the reasonableness of the awarded rates....................15

     D.  The District Court abused its discretion when it relied heavily on the
     retainer agreement in determining the reasonableness of the hourly rates
     requested ................................................................................................16

i

**III.  THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE TIME WLF SPENT WAS REASONABLE** .................17

    **A.  The district court abused its discretion when it failed to make a conscientious and detailed inquiry into WLF's hours** .................18

    **B.  The district court abused its discretion by declining to reduce hours for inexperience.** .................19

    **C.  The District Court abused its discretion by declining to reduce hours for overstaffing.** .................20

    **D.  The District Court abused its discretion by declining to reduce hours for internal communications.** .................23

    **E.  The District Court abused its discretion by declining to reduce hours for vague entries and block billing.** .................24

    **F.  The district court abused its discretion by declining to reduce hours for clerical work.** .................27

**IV.  THE LOWER COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE TIME WLF AND THE SPIGGLE LAW FIRM SPENT WAS NOT DUPLICATIVE.** .................28

**CONCLUSION** .................30

# TABLE OF AUTHORITIES

## Cases

*28th Highline Assocs., LLC v. Roache*,
2019 U.S. Dist. LEXIS 128105 (S.D.N.Y. Jul 29, 2019) .......................................28

*Agence Fr. Presse v. Morel*,
645 Fed. Appx. 86 (2d Cir. 2016) ..............................................................................5

*Agyapong v. Bohan*,
2013 U.S. Dist. LEXIS 56464 (S.D.N.Y. Apr. 9, 2013) .........................................10

*Angulo v. 36th St. Hospitality LLC*,
2020 U.S. Dist. LEXIS 137816 (S.D.N.Y. July 31, 2020) ...............................11, 21

*Anthony v. Franklin First Fin., Ltd.*,
844 F. Supp. 2d 504 (S.D.N.Y. 2012) .....................................................................24

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,
493 F.3d 110 (2d Cir. 2007) ...................................................................................6, 7

*Bergerson v. New York State Office of Mental Health*,
652 F.3d 277 (2d Cir. 2011) ......................................................................................7

*Casmento v. Volmar Constr., Inc.*,
2022 U.S. Dist. LEXIS 225520 (S.D.N.Y. Dec 14, 2022)..........................................9

*Catzin v. Thank You & Good Luck Corp.*,
2022 U.S. Dist. LEXIS 105306 (S.D.N.Y. June 13, 2022)......................................13

*Chaparro v. John Varvatos Enters.*,
2021 U.S. App. LEXIS 32838 (2d Cir. Nov 4, 2021)..............................................19

*Dajbabic v. Rick's Café*,
995 F. Supp. 2d 210 (E.D.N.Y. 2014) ..................................................21, 22, 23, 26

*Dancy v. McGinley*,
141 F. Supp. 3d. 231 (S.D.N.Y. 2015) ....................................................................11

*DeCastro v. City of New York*,
2017 U.S. Dist. LEXIS 162737 (S.D.N.Y. Sept. 30, 2017) ............................. 12, 29

*DeMarco v. Ben Krupinski Gen. Contr., Inc.*,
2014 U.S. Dist. LEXIS 100793 (E.D.N.Y Jul 22, 2014) ........................... 19, 20, 28

*Eisenberg v. Permanent Mission of Equatorial Guinea to United Nations*,
2022 U.S. Dist. LEXIS 63419 ....................................................................10

*Ekupe v. Santiago*,
2020 U.S. Dist. LEXIS 56189 (S.D.N.Y. March 30, 2020)....................................10

*Emamian v. Rockefeller Univ.*,
2023 U.S. Dist. LEXIS 72623 (S.D.N.Y. April 26, 2023).....................................13

*Emerson Elec. Co. v. Asset Mgmt. Assocs. of N.Y., Inc.*,
2024 U.S. Dist. LEXIS 92808 (E.D.N.Y. May 23, 2024)......................................28

*Farbotko v. Clinton County*,
433 F.3d 204 (2d Cir. 2005) ...............................................................8, 16

*Frazier v. FCBC Cmty. Dev. Corp.*,
2024 U.S. Dist. LEXIS 141810 (S.D.N.Y. Aug. 26, 2024) ....................................12

*Furk v. Boces*,
2023 U.S. Dist. LEXIS 89475 (S.D.N.Y. May 22, 2023)........................................6

*Grant v. Martinez*,
973 F.2d 96 (2d Cir. 1992) ............................................................... 17, 20

*Green v. City of New York*,
403 Fed. Appx. 626 (2d Cir. 2010) ..................................................... 17, 25

*H.C. v. N.Y.C. Dep't of Educ.*,
71 F.4d. 120 (2d Cir. 2023) ...................................................................16

*Haley v. Pataki*,
106 F.3d 478 (2d Cir. 1997) ...................................................................18

*Hannah v. Walmart Stores, Inc.,*
803 F. App'x 417 (2d Cir. 2020) .................................................................16

*Harty v. Par Builders, Inc.,*
2016 U.S. Dist. LEXIS 18520 (S.D.N.Y. Feb. 16, 2016) .......................15

*Hensley v. Eckerhart,*
461 U.S. 424 (1983) ................................................................... 15, 19

*Hines v. 1025 Fifth Ave. Inc.,*
2015 U.S. Dist. LEXIS 84946 (S.D.N.Y. June 30, 2015) ........................29

*Johnson v. City of New York,*
2023 U.S. Dist. LEXIS 22582 (E.D.N.Y Feb 8, 2023) ...........................29

*Johnson v. Georgia Highway Express, Inc.,*
488 F.2d 714 (5th Cir. 1974) .....................................................................8

*Jones v. Treubig,*
2022 U.S. Dist. LEXIS 76084 ...................................................................11

*Kirsch v. Fleet St., Ltd.,*
148 F.3d 149 (2d Cir. 1998) ........................................................ 17, 25

*Lavely v. Redheads, Inc.,*
2007 U.S. Dist. LEXIS 77109 (S.D.N.Y. Oct. 12, 2007) .......................23

*Lilly v. City of New York,*
934 F.3d 222 (2d Cir. 2019) ....................................................................11

*Lochren v. County of Suffolk,*
344 Fed. Appx. 706 (2d Cir. 2009) .......................................... 20, 21, 23

*Luciano v. Olsten Corp.,*
109 F.3d 111 (2d Cir. 1997) ....................................................................17

*LV v. New York City Dep't of Educ.,*
700 F. Supp. 2d 510 (S.D.N.Y. Mar. 31, 2010) ......................................25

v

*Millea v. Metro-North R.R.*,
658 F.3d 154 (2d Cir. 2011) ...................................................5

*Miroglio S.P.A. v. Conway Stores, Inc.*,
629 F. Supp. 2d 307 (S.D.N.Y. 2009) ....................................25

*Perdue v. Kenny A. ex rel Winn*,
559 U.S. 542 (2010) .................................................................6

*Pettiford v. City of Yonkers*,
2020 U.S. Dist. LEXIS 49785 (S.D.N.Y. Mar. 20, 2020).........15

*Raja v. Burns*,
43 F.4th 80 (2d Cir. 2022) .....................................................25

*Ryu v. Hope Bancorp, Inc.*,
786 Fed. Appx. 271 (2d Cir. 2019) ........................................24

*Siegel v. Bloomberg, L.P.*,
2016 U.S. Dist. LEXIS 38799 (S.D.N.Y. Mar. 22, 2016)......... 21, 22, 23

*Simmonds v. New York City Dep't of Corr.*,
2008 U.S. LEXIS 74539, *6 (S.D.N.Y. Sept. 16, 2008)........... 22, 28, 30

*Simmons v. N.Y. City Transit Auth.*,
575 F.3d 170 (2d Cir. 2009) .....................................................8

*Singh v. Meadow Hill Mobile Inc.*,
2021 U.S. Dist. LEXIS 150467 (S.D.N.Y. Aug. 9, 2021) .........6

*Sooroojballie v. Port Aut. Of N.Y. & N.J.*,
2020 U.S. Dist. LEXIS 213950 (E.D.N.Y. Nov. 10, 2020) .......9

*Spalluto v. Trump Int'l Hotel & Tower*,
2008 U.S. Dist. LEXIS 77701 (S.D.N.Y. Oct. 2, 2008) ..........25

*Spray Holdings, Ltd. v. Pali Fin. Group, Inc.*,
277 F. Supp. 2d 323 (S.D.N.Y. 2003) ....................................25

*Stair v. Calhoun*,
722 F. Supp. 2d 258 (E.D.N.Y. 2010) ......................................................16

*Sutton v. N.Y.C. Transit Auth.,*
462 F.3d 157 (2d Cir. 2006) ...............................................................1, 6

*Tavares v. City of New York*,
2024 U.S. Dist. LEXIS 31479 (S.D.N.Y. Feb. 23, 2024) ........................12

*Tepale v. 245 Gourmet Food Inc.*,
2022 U.S. Dist. LEXIS 73397 (S.D.N.Y. Apr. 21, 2022) ........................13

*Torres v. City of New York*,
2020 U.S. Dist. LEXIS 86863 (S.D.N.Y. May 18, 2020)........................19

*Torres v. City of New York*,
2020 U.S. Dist. LEXIS 98435 (S.D.N.Y. June 3, 2020)........................... 12, 23, 25

*Townsend v. Benjamin Enters., Inc.*,
679 F.3d 41 (2d Cir. 2012) .....................................................................7

*White v. New Hampshire Dep't of Employment Security*,
455 U.S. 445 (1982) ................................................................................1

*Williams v. Firequench*,
2022 U.S. Dist. LEXIS 148682 (S.D.N.Y. Aug. 19, 2022) .....................13

*Williams v. Metro-North R.R. Co.*,
2018 U.S. Dist. LEXIS 109422 (S.D.N.Y. June 28, 2018)............................. passim

*Yeul Hong v. Mommy's Jamaican Mkt. Corp.*,
2024 U.S. Dist. LEXIS 175829 (S.D.N.Y. Sept. 25, 2024)....................13

Plaintiff-Appellant, Tiffany Minott, by her attorneys, Arcé Law Group, P.C., respectfully submits the herein Brief.

## JURISDICTIONAL STATEMENT

The underlying action is based on alleged violations of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the New York State Executive Law, and the Administrative Code of the City of New York, arising from Plaintiff-Appellant, Tiffany Minott's ("Appellant"), employment with Defendant Google, LLC. Although the underlying suit is still pending in the District Court, "orders adjudicating attorney's fees are normally considered sufficiently distinct from the main litigation to be appealable as collateral orders." *White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445, 451 (1982). Thus, appellate jurisdiction exists. *Sutton v. N.Y.C. Transit Auth.,* 462 F.3d 157, 160 (2d Cir. 2006).

## ISSUES PRESENTED

Pursuant to Rule 3 of the Federal Rules of Appellate Procedure, Appellant seeks review of the following issues to be reviewed by this Court, for an abuse of discretion by the trial court:

- Did the District Court abuse its discretion when it determined that an award of a charging lien of $22,400 for Washinton Law Firm ("WLF") was reasonable and fair?

1

- Did the District Court abuse its discretion when it determined that the WLF's requested hourly rates were reasonable?

- Did the District Court abuse its discretion when it determined that the time spent by the WLF spent was reasonable?

- Did the District Court abuse its discretion when it determined that the time WLF and The Spiggle Law Firm ("TSLF") spent was not duplicative?

## STATEMENT OF THE CASE

This is a civil appeal of the Honorable Margaret M. Garnett's Order granting WLF a charging lien in the amount $22,400. (Appx. 1-22). Initially, Appellant's former attorneys, WLF and TSLF, asserted a combined charging lien of $67,629.50. (Appx. 23-31, 32-105). In fact, WLF asserted a charging lien in the amount of $42,150.00. (Appx. 32-105). Appellant opposed WLF and TSLF's requests. (Appx. 106-248). However, on July 24, 2024, the District Court granted WLF a charging lien for $22,400. (Appx. 1-22). Thereafter, on August 30, 2024, Plaintiff-Appellant filed a timely notice of Appeal. (Appx. 264-70).

## STATEMENT OF THE FACTS

On December 1, 2022, Appellant retained WLF for pre-litigation representation on a contingency fee basis. (Appx. 138-39). The retainer agreement specified that WLF was entitled to thirty-five percent (35%) of any gross pre-litigation settlement or award, as well as reimbursement of advanced expenses. *Id.*

2

At the same time, the pre-litigation agreement between Appellant and WLF stated that if WLF was terminated without cause, the firm would "be entitled to the reasonable value of our services." *Id*. Later in the retainer agreement, it stated that the "lodestar" for WLF is $550 per hour. *Id.*

On January 9, 2023, Appellant filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Appx. 74-82). On December 18, 2023, Appellant signed a new retainer agreement with TSLF, which listed WLF as "co-counsel," but stated that TSLF would be "primarily responsible for managing and prosecuting the Client's matter." (Appx. 141-52). The agreement also set forth that TSLF and WLF would split attorneys' fees of any recovery eighty percent (80%) and twenty percent (20%), respectively. (Appx. 143).

On February 21, 2024, the EEOC issued Appellant's Right to Sue letter. (Appx. 154-55). Then, on March 5, 2024, TSLF filed Plaintiff's Complaint. U.S.D.C. Docket No. 1. On March 25, 2024, Appellant notified WLF and TSLF that she retained new counsel, and instructed them to cease all work on her behalf. (Appx. 157).

Then, on April 11, 2024, TSLF filed a Motion to Withdraw as counsel. (Appx. 23-26). On April 16, 2024, WLF filed a Motion to Assert a Charging Lien. (Appx. 32-40). On April 18, 2024, the District Court granted TSLF's motion to withdraw as counsel and directed TSLF, as well as WLF, to file materials in support of their

charging liens by April 26, 2024. (U.S.D.C. Dock. 13). TSLF and WLF timely filed their Memoranda of Law and requested that their time records be submitted for an in-camera review. (U.S.D.C. Dock. 27; Appx. 27-31, 41-62, 268-69). The District Court granted the request for an in-camera review. (U.S.D.C. Dock. 29; Appx. 269).

WLF requested a $42,150.00 lien based on requested hourly rates of ███████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████. (Appx. 41-62, 249-60).

On July 24, 2024, Judge Garnett granted WLF a charging lien in the amount of $22,400 and denied TSLF's motion for a lien without prejudice, as the firm asserted its right under its retainer agreement to arbitration. (Appx. 1-22).

## SUMMARY OF THE ARGUMENT

The District Court abused its discretion when it awarded WLF a charging lien, in the amount of $22,240, for work that it performed on Appellant's behalf. (*See generally*, Appx. 1-22). Inherently, awarding WLF a lien of this size is unreasonable and unfair given the lack of satisfactory evidence produced by WLF supporting its rates, the time, labor, and skills required for the work performed by WLF, as well as the lack of results obtained by WLF. Additionally, the time allegedly spent by WLF was unreasonable and the District Court failed to properly analyze the time spent by WLF and TSLF for duplicative work.

## STANDARD OF REVIEW

This court reviews a District Court's award of attorney's fees for abuse of discretion. *Agence Fr. Presse v. Morel*, 645 Fed. Appx. 86, 87 (2d Cir. 2016).

## ARGUMENT

### I. THE LOWER COURT ABUSED ITS DISCRETION WHEN IT RULED THAT A $22,400 LIEN WAS REASONABLE FOR WLF

A $22,400 charging lien for WLF is unreasonable given the parameters of its retainer agreement with Appellant, as well as the work performed. A District Court abuses its discretion if it "(1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Millea v. Metro-North R.R.*, 658 F.3d 154, 166 (2d Cir. 2011).

While the District Court retains discretion to determine what constitutes reasonable attorneys' fees, "this discretion is not unfettered," and "the district court must abide by the procedural requirements for calculating those fees articulated by this Court and the Supreme Court." *Id.* at 166-167. It is well settled that "the lodestar, the product of a reasonable hourly rate and the reasonable number of hours required by the case, creates a presumptively reasonable fee." *Arbor Hill Concerned*

*Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117-118 (2d Cir. 2007); *see Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 551 (2010).

When determining the lodestar, District Courts must comply with "the Supreme Court's directive that fee award calculations be objective and reviewable." *Singh v. Meadow Hill Mobile Inc.*, 20-cv-3853, 2021 U.S. Dist. LEXIS 150467, *40 (S.D.N.Y. Aug. 9, 2021). When determining the reasonableness of an award, the court "should look to the terms of the percentage agreement, the nature of the litigation, difficulty of the case, time spent, amount of money involved, results achieved and amounts customarily charged for similar services in the same locality." *Sutton*, 462 F.3d at 158. Lastly, "the overriding criterion for determining the amount of a charging lien is that it be **fair**." *Id.* at 161 (emphasis added).

Here, there is nothing fair about requiring Appellant to shoulder the cost of $22,400 for a firm that was retained on a contingency fee basis, only represented her in EEOC proceedings, and then did not even file a notice of appearance when the firm to which it entered into a "co-counsel" arrangement filed. *See Id.* (finding it unfair to award a charging lien of $10,000 when Plaintiff's former law firm did not litigate the case); *Furk v. Boces*, 15-cv-6594, 2023 U.S. Dist. LEXIS 89475, *13 (S.D.N.Y. May 22, 2023) (requested lien unreasonable in light of client's ultimate recovery and the work performed by the attorneys).

As made clear *infra*, the District Court abused its discretion when it awarded WLF a lien of $22,400 for simply representing Appellant in EEOC proceedings under a pre-litigation retainer agreement. (*See generally*, Appx. 1-22).

## II.  THE LOWER COURT ABUSED ITS DISCRETION WHEN IT AWARDED WLF ITS HOURLY RATES

The hourly rates awarded to WLF are unreasonable. Determining a reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel, an inquiry that may include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012). Accordingly, "[i]n determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors' it should also bear in mind that a reasonable, paying client, wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 493 F.3d at 118.

With this, the Second Circuit uses the "forum rule," which "generally requires use of the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Bergerson v. New York State Office of Mental Health*, 652 F.3d 277, 290 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir.

2009)). "When evaluating the appropriate fee, the Court considers the time and labor required, the novelty and difficulty of the legal and factual issues in the case, the skills demonstrated by counsel during the case, the customary fee, whether the fee is fixed or contingent, time limitations imposed by the client or circumstances, the amount involved and the results obtained, the experience, reputation and ability of the lawyers, the undesirability of the case, the nature and length of the professional relationship, and awards in similar cases." *Williams v. Metro-North R.R. Co*., 17-cv-03847, 2018 U.S. Dist. LEXIS 109422, *5 (S.D.N.Y. June 28, 2018) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 – 19 (5th Cir. 1974)).

However, "the fee applicant has the burden of showing by satisfactory evidence - - in addition to the attorney's own affidavits' - - that the requested hourly rates are the prevailing market rates." *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005) (internal quotations omitted).

In this case, the District Court awarded hourly rates of $550 to Ms. Washington, $350 to Ms. Best, $250 to Ms. Palmatier after she was admitted to the Bar, as well as an hourly rate of $150.00 as a law clerk, and $150 to Ms. Davis. (Appx. 11-16, 21). The District Court abused its discretion when it awarded such rates because WLF failed to provide satisfactory evidence, the Court did not appropriately consider the time, labor, and skills required for the work performed, and the Court did not do a case-specific inquiry.

8

## A. __The District Court abused its discretion when it awarded WLF's staff its rates without "satisfactory evidence"__

WLF failed to provide the requisite evidence to support the exorbitant hourly rates awarded by the District Court. (Appx. 32-105, 249-63). Typically, attorneys provide information concerning their litigation experience, or previous awards of hourly rates within the applicable district, to support requested hourly rates. *See Casmento v. Volmar Constr., Inc.*, 20-cv-944 (LJL), 2022 U.S. Dist. LEXIS 225520, *12 (S.D.N.Y. Dec 14, 2022) (awarding attorney with 20 years' of experience $300 per hour because "Plaintiff … offers no evidence of his [attorney's] experience in employment-related *litigation*) (emphasis in original); *Williams*, 2018 U.S. Dist. LEXIS 109422 (discussion of Plaintiff's attorneys' high competency and significant litigation experience to justify high hourly rates); *Sooroojballie v. Port Aut. Of N.Y. & N.J.*, 15-cv-01230, 2020 U.S. Dist. LEXIS 213950, *10 – 11 (E.D.N.Y. Nov. 10, 2020) (only awarding $450 per hour for a Partner with 16 years of experience and more than 200 employment discrimination, civil rights and wage and hour cases in the Southern District and Eastern Districts of New York after a Plaintiff verdict).

Here, WLF utterly failed to provide the required information. A careful review of Ms. Washington's affidavit makes clear that she was admitted to the Bar in 2009, worked at Outten & Golden, rising to the title of Partner in 2018, and founded WLF in 2021 (which at the relevant time had a total of three attorneys).

(Appx. 50-52, 63-70). Ms. Washington also stated that she has been recognized by Super Lawyers and Law Dragon in the past, as well as being a member of various Bar Associations. *Id.* Moreover, Ms. Washington has had speaking engagements and written various articles. *Id.* But, of particular note is the fact that Ms. Washington provides zero information **about her actual practice of law**. She does not provide any information about litigation experience, trial experience, or previous awards of an hourly rate. *Id.* She does not provide even a **single case citation**, over her more than fifteen years as an attorney, in which she served as litigation counsel. *Id.* The record is simply devoid of satisfactory evidence to determine that Ms. Washington should be awarded an hourly rate on the high end of the range for attorneys at small employment firms with her experience. (Appx. 32-105, 249-63).

Here, Courts have routinely awarded lower hourly rates for attorneys who have significantly more experience and actually provided information about their litigation experience. *See Eisenberg v. Permanent Mission of Equatorial Guinea to United Nations*, 18-cv-2092, 2022 U.S. Dist. LEXIS 63419 (S.D.N.Y. Apr. 5, 2022) (awarding $450/hour for civil litigator with 45 years of experience); *Ekupe v. Santiago*, 16-cv-5412 (AT), 2020 U.S. Dist. LEXIS 56189 (S.D.N.Y. March 30, 2020) ($450/hour reasonable for Partner with 38 years of experience); *Agyapong v. Bohan*, 11-cv-586 (VB), 2013 U.S. Dist. LEXIS 56464 (S.D.N.Y. Apr. 9, 2013) (awarding $400/hour for attorney who had been practicing law since 1980 and

litigated 400 civil rights cases); *Dancy v. McGinley,* 141 F. Supp. 3d 231 (S.D.N.Y. 2015) (awarding civil rights attorney with thirty-six years' experience $450/hour for a straightforward discrimination case); *See Jones v. Treubig*, 16-cv-8080, 2022 U.S. Dist. LEXIS 76084 (collecting cases); *Lilly v. City of New York*, 934 F.3d 222, 231 (2d Cir. 2019) ($450 for a garden variety civil rights case in the Southern District of New York for an experienced attorney was reasonable). Given the dearth of information provided by Ms. Washington, **especially concerning actual litigation experience**, awarding her $550 per hour is excessive and an abuse of discretion.

Similarly, Ms. Best's affidavit is devoid of satisfactory evidence to support an award of $350.00 per hour. (Appx. 13-14, 21, 52-53, 96-98). To that end, Ms. Best was admitted to practice law on October 20, 2020, and is not currently admitted to practice in the State of New York. (Appx. 52-53, 96-98). Likewise, Ms. Best **only** provides information about three trials in which she allegedly "participated" in the Northern District of Alabama. *Id*. However, Ms. Best did not provide any information about the work that she allegedly performed for the trials. *Id*. Similarly, Ms. Best did not provide any additional information about her experience as a practitioner, especially within the Southern District of New York. *Id*.

Simply put, attorneys with Ms. Best's experience are routinely awarded significantly less than $350 per hour. *See Angulo v. 36th St. Hospitality LLC*, 19-cv-5075 (GBD) (SLC), 2020 U.S. Dist. LEXIS 137816 (S.D.N.Y. July 31, 2020)

(finding $250/hour to $275/hour reasonable for an "associate with two to four years of experience"); *DeCastro v. City of New York*, 16-cv-3850 (RA), 2017 U.S. Dist. LEXIS 162737, *15 (S.D.N.Y. Sept. 30, 2017) ("Courts in this district generally award fees at hourly rates between $150 and $275 for Junior Associates at law firms specializing in civil rights."). Accordingly, it was an abuse of discretion to award Ms. Best an hourly rate of $350 per hour. (Appx. 13-14, 21).

Additionally, despite Ms. Palmatier's affidavit lacking satisfactory evidence, the District Court awarded her $150 per hour for her work as a law clerk and $250 once she was admitted to the Bar. (Appx. 14-15, 21). Yet, the **only** information provided about Ms. Palmatier is that she graduated from law school in May 2023 and was admitted to practice law on December 11, 2023. (Appx. 53-54, 99-101).

To that end, law clerks and newly admitted attorneys are typically awarded lower rates than those awarded here. *See Torres v. City of New York*, 18-cv-03644 (LGS) (KHP), 2020 U.S. Dist. LEXIS 98435, *5 (S.D.N.Y. June 3, 2020) (finding $100/hour for law clerks to be reasonable); *see also Frazier v. FCBC Cmty. Dev. Corp.*, 22-cv-5270 (AS), 2024 U.S. Dist. LEXIS 141810, *24 (S.D.N.Y. Aug. 26, 2024) (law clerk awarded $125 per hour); *Tavares v. City of New York*, 20-cv-1200 (AS), 2024 U.S. Dist. LEXIS 31479, *3 (S.D.N.Y. Feb. 23, 2024) ("prevailing hourly rate for non-attorney staff, including law clerks, paralegals, and clerical staff,

is $100 in this District"). Therefore, Ms. Palmatier should have only been awarded a rate of $100 per hour for her work as a law clerk.

Likewise, junior associates with **more** experience than Ms. Palmatier are regularly awarded less than $250 per hour. *See Williams v. Firequench*, 21-cv-4112 (PAE) (JLC), 2022 U.S. Dist. LEXIS 148682 (S.D.N.Y. Aug. 19, 2022) ($200 per hour reasonable for Associates with more than one year experience); *see also Emamian v. Rockefeller Univ.*, 07-cv-3919 (PGG) (SDA), 2023 U.S. Dist. LEXIS 72623 (S.D.N.Y. April 26, 2023) (Awarding $180 per hour for a junior associate). Thus, the District Court abused its discretion when it awarded Ms. Palmatier who had just been admitted to practice law $250 per hour. (Appx. 14-15, 21).

Finally, Ms. Davis' affidavit lacks satisfactory evidence to support her hourly rate. (Appx. 54-55, 69). Paralegals are routinely awarded less than $150 per hour. *See Catzin v. Thank You & Good Luck Corp.*, 15-cv-7109 (ALC), 2022 U.S. Dist. LEXIS 105306, *4 (S.D.N.Y. June 13, 2022) (Approving rate of $100/hour for paralegals because it is "in line with other awards in this district"); *Tepale v. 245 Gourmet Food Inc.*, 21-cv-5950 (ER), 2022 U.S. Dist. LEXIS 73397, *3 (S.D.N.Y. Apr. 21, 2022) ($125/hour for paralegal was reasonable); *Yeul Hong v. Mommy's Jamaican Mkt. Corp.*, 20-cv-9612 (LJL), 2024 U.S. Dist. LEXIS 175829 (S.D.N.Y. Sept. 25, 2024) (awarding experienced paralegals $125 per hour) (collecting cases)).

Because no information was provided concerning Ms. Davis' experience, it was an abuse of discretion to award her $150 per hour. (Appx. 15, 21).

A careful review of the record illustrates that the District Court improperly analyzed WLF's purported evidence when awarding hourly rates on the high end, or rates outside of the typical ranges awarded in the Southern District of New York. (*See generally,* Appx. 1-22). Accordingly, the District Court abused its discretion.

**B. <u>The District Court abused its discretion when it failed to appropriately consider the time, labor, and skills required for the work performed by WLF through the EEOC proceedings</u>**

The District Court failed to properly apply the *Johnson* factors. When determining the appropriateness of an hourly rate a District Court is required to analyze, *inter alia*, the time and labor required, the skills demonstrated by the attorneys, any time limitations imposed by Appellant or circumstances, the results obtained, or the nature and length of the professional relationship with Appellant. *See Williams*, 2018 U.S. Dist. LEXIS 109422 at *5.

In this case, over the sixteen months that WLF represented Appellant, ███ ████████████████████████████████████████████████. Ultimately, after WLF could not obtain a "quick" resolution, it referred the case to TSLF and entered into a "co-counsel" agreement, entitling it to 20% of the attorneys' fees that TSLF recovered. (Appx. 143-44). Significantly, **no attorney** at WLF even entered a Notice of Appearance with the District Court. (Appx. 265-70). Even so, Judge

14

Garnett did not analyze whether the requested hours were reasonable ████ ████████. (*See generally* Appx. 1-22).

Similarly, the District Court failed to consider that WLF did not obtain any results for Appellant. "[T]he most critical factor in a district court's determination of what constitutes reasonable attorney's fees ... is the degree of success obtained by the plaintiff." *Harty v. Par Builders, Inc.*, 12-cv-2246 (CS), 2016 U.S. Dist. LEXIS 18520, *2 (S.D.N.Y. Feb. 16, 2016) (internal quotations omitted); *See Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) (recognizing that plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees); *Pettiford v. City of Yonkers*, 14-cv-6271 (JCM), 2020 U.S. Dist. LEXIS 49785, *1 (S.D.N.Y. Mar. 20, 2020) (finding that Plaintiff's counsel would not substantially affect the final result of the case given her "limited role" in litigation of the case).

In sum, the District Court failed to apply the *Johnson* factors when determining the reasonableness of an hourly rate and abused its discretion.

C. **The District Court abused its discretion when it failed to do a case-specific inquiry into the reasonableness of the awarded rates**

Here, the District Court abused its discretion by failing to provide caselaw in support of awarding WLF hourly rates on the high end, or outside, of the permissible ranges. Courts must make "case specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel." *Farbotko*,

433 F.3d at 209.  When doing so, courts routinely provide multiple cases in support of an hourly rate.  *See H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4d. 120, 126-27 (2d Cir. 2023) (finding that the district court did not abuse its discretion where it cited to several recent Southern District cases and noted that it considered all of the *Johnson* factors); *Hannah v. Walmart Stores, Inc.,* 803 F. App'x 417 (2d Cir. 2020) (finding that the lower court did not err after carefully considering the parties' submissions and other cases of that District to determine the market rate of counsel).

Reviewing the District Court's Order makes it abundantly clear that a case-specific analysis was not performed when awarding Ms. Washington $550.00 per hour, Ms. Best $350.00 per hour, Ms. Palmatier $250.00 per hour after her admission to the Bar, $150.00 to Ms. Palmatier when she was a law clerk, and $150 to Ms. Davis.  (*See generally* Appx. 1-22).  As such, the Court abused its discretion.

### D. The District Court abused its discretion when it relied heavily on the retainer agreement in determining the reasonableness of the hourly rates requested

The District Court improperly relied on WLF's pre-litigation retainer agreement with Appellant. (Appx. 10-12, 16).  As an initial matter, "[a]lthough a court is not bound by the parties' retainer agreement, it may still use such agreement as guidance in determining the reasonable value of the services provided." *Stair v. Calhoun*, 722 F. Supp. 2d 258, 267 (E.D.N.Y. 2010).  At the same time, "[e]vidence showing that paying clients pay counsel at the rates sought typically is strong

evidence that the rates requested are reasonable." *Williams*, 2018 U.S. Dist. LEXIS 109422 at *17 – 18. Here, WLF failed to provide an iota of evidence that any client has ever paid the proposed rates or that Ms. Washington, or any member of her firm, has ever been awarded rates in the Southern District of New York. (Appx. 41-70). As such, the District Court abused its discretion when it relied on WLF's pre-litigation retainer agreement with Appellant in support of the awarded hourly rates.

### III. THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE TIME WLF SPENT WAS REASONABLE

In reviewing a fee application, "the district court should examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case and if it concludes that any expenditure of time was unreasonable, it should exclude these hours." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997). "The critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *See Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). Thus, if a Court finds surplusage it "has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks omitted). Ultimately, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Green v. City of New York*, 403 Fed. Appx. 626, 630 (2d Cir. 2010).

17

Here, the District Court abused its discretion by failing to properly review WLF's request.

### A. <u>The District Court abused its discretion when it failed to make a conscientious and detailed inquiry into WLF's hours</u>

The District Court simply adopted WLF's representations as true, despite contrary evidence. When reviewing requests, "the court **must** make a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997) (emphasis added).

Here, the District Court failed to make such a conscientious and detailed inquiry when it awarded WLF a lien of 100% of the allowable hours that it requested[1]. For example, the record makes clear that WLF was discharged by Appellant on March 25, 2024. (Appx. 157) (*compare with* Appx. 2-3). Yet, WLF requested, **and was awarded**, ████████████████████████████ ████████. (Appx. 2-3, 17, 21). Additionally, the Court simply accepted that Ms. Washington allegedly deducted "5-10 hours for excess/duplicative work." (Appx. 11). However, notably absent from Ms. Washington's affidavit is any information describing what duplicative work was allegedly removed. (Appx. 63-70). A careful

---

[1] The District Court rejected WLF's request for ████████████ to which it was not entitled. (Appx. 16-17).

review of WLF's request makes clear that it is riddled with inaccuracies and, as noted *infra*, overbilling. Thus, the District Court abused its discretion.

### B. <u>The District Court abused its discretion by declining to reduce hours for inexperience.</u>

WLF used inexperienced practitioners, and the District Court abused its discretion when it did not reduce the lien award because of this. In this regard, Courts routinely reduce a fee award when "the stated number of hours is greater than that which should have been required for the work produced." *DeMarco v. Ben Krupinski Gen. Contr., Inc*., 12-cv-0573 (SJF) (ARL), 2014 U.S. Dist. LEXIS 100793, *35-38 (E.D.N.Y Jul 22, 2014); *see Chaparro v. John Varvatos Enters*., 21-446-cv, 2021 U.S. App. LEXIS 32838, *7 (2d Cir. Nov 4, 2021) ("[T]he district court acted well within its discretion in reducing Plaintiffs-Appellants' claimed hourly total by 50% … [because the] court concluded that some of Plaintiffs-Appellants' excessive hours were undoubtedly attributable to the attorneys' utter lack of experience in either class actions or employment litigation."); *Hensley*, 461 U.S. at 438 (approving 30% reduction "to account for [the attorney's] inexperience").

Ms. Palmatier was not qualified to perform the tasks for which she billed. The District Court held, "[c]ontrary to Plaintiff's argument, it is appropriate, commonplace, and typically in the client's interest for work to be delegated to junior attorneys[.]" (Appx. 18); *Torres v. City of New York*, 18-cv-03644 (LGS) (KHP), 2020 U.S. Dist. LEXIS 86863, *21 (S.D.N.Y. May 18, 2020). However, the work is

19

to be delegated only "to the most junior person able to perform the task." As such, Courts routinely reduce when work is performed by unqualified individuals. *See DeMarco*, 2014 U.S. Dist. LEXIS 100793 at *35-38; *see also Grant*, 973 F.2d at 99.

Here, ████████████████████████████████████████████████

████████████████████████████, **while she was a law clerk**. (Appx. 14, 174-75). Additionally, Ms. Palmatier billed ████████████████████████████

████████████, **even though WLF was retained only for pre-litigation purposes**. (Appx. 138-39, 175, 216-18). Even if we ignore the fact that WLF should not have drafted a Complaint for Federal Court when it had no intention of filing such a document, as per WLF's Pre-litigation retainer with Plaintiff, ████████████████

████████████████████████████████████████ is excessive. Ultimately, the District Court abused its discretion when it did not reduce the excessive amount of time billed by Ms. Palmatier due to her clear inexperience. (Appx. 18-19).

### C. The District Court abused its discretion by declining to reduce hours for overstaffing.

As an initial matter, "while the use of multiple attorneys is not unreasonable *per se*, courts should reduce the hours actually expended to account for duplicative or repetitive work." *DeMarco*, 2014 U.S. Dist. LEXIS 100793 at *27. Ultimately, the burden is on the requesting party to justify additional staff. *See Lochren v. County of Suffolk*, 344 Fed. Appx. 706, 709 (2d Cir. 2009) (affirming

reduction by 25% because the requesting party did not justify the need to retain multiple attorneys and support staff for a case that went to a jury trial).

Here, the District Court failed to assess the scope, or complexity, of Plaintiff's case. Courts regularly reduce requested hours for "straightforward" employment matters, such as Appellant's. *See Lochren*, 344 Fed. Appx. at 709; *see also Angulo*, 2020 U.S. Dist. LEXIS 137816 (collecting cases). Further, the District Court was silent as to WLF's failure to explain why TSLF was needed, which resulted in a total of two partners, a senior attorney, three associates, and seven support personnel billing for a one-Plaintiff employment discrimination case. (Appx. 18-19).

Similarly, the District Court did not assess the extent to which multiple employees were needed for completed tasks. Courts often cut hours when the work could be accomplished by one person. *See Siegel v. Bloomberg, L.P.*, 13-cv-1351 (DF), 2016 U.S. Dist. LEXIS 38799, *12 (S.D.N.Y. Mar. 22, 2016) (reducing hours for entries where "billing for the time of two or more attorneys when tasks could have been accomplished by one"); *Dajbabic v. Rick's Café*, 995 F. Supp. 2d 210, 215 (E.D.N.Y. 2014) (reducing 1.5 hours requested for a conference call because "[w]hile the use of a lower-paid clerk or associate may be justified if it reduces the hours spent by a higher-billing partner, this case did not warrant duplicative billing by two legal professionals").

21

Here, the Court noted that each of WLF's staff began billing at different times, without any further analysis as to the overlapping nature of the tasks, or multiple staff billing for the same task. (Appx. 18-19). For example, WLF was awarded at least ██████████████████████████████ billed by multiple attorneys that should have been accomplished by one attorney. (Appx. 21, 174-76). Additionally, WLF was awarded ████████████████████████████ that included both Ms. Washington and other members of her firm. (Appx. 19, 174-76). Yet, such practice is routinely used as a reason to reduce requested hours. *See Siegel*, 2016 U.S. Dist. LEXIS 38799 at *12; *See also Dajbabic*, 995 F. Supp. 2d at 215.

Likewise, the District Court based its overstaffing decision on a clear error of fact. Specifically, the Court held that "in a matter that spanned around 16 months, work by three attorneys and an employee performing administrative work is reasonable." (Appx. 18). However, over the span of 16 months WLF engaged in a co-counsel agreement with TSLF, resulting in a total of six attorneys and seven support personnel working on the case. (Appx. 143-44, 174-76, 235-48). Even if TSLF's lien is going to be decided in arbitration, it is an error to analyze WLF's work in a vacuum and turn a blind eye to TSLF's involvement. *See Simmonds v. New York City Dep't of Corr.*, 06-cv-5298 (NRB), 2008 U.S. LEXIS 74539, *6 (S.D.N.Y. Sept. 16, 2008) (the court "**must** account for duplicative or repetitive work to ensure that the … fees represent only work that was necessary to the litigation and a cost-

efficient use of co-counsel and outside counsel") (internal quotation marks omitted and emphasis added). Simply put, much less than a thirteen-person legal team is needed to get an employment complaint filed in federal court. *Id.* As such, the District Court based its finding on a clearly erroneous factual finding.

Moreover, the District Court's staffing conclusion is outside the range of permissible awards. Courts typically reduce hours in this jurisdiction for overstaffed cases. *See Lochren,* 344 Fed. Appx. at 709 (affirming District Court's "25% across-the-board reduction in fees because plaintiffs overstaffed the case, resulting in the needless duplication of work and retention of unnecessary personnel"); *see also Lavely v. Redheads, Inc.,* 03-cv-7752 (RMB)(KNF), 2007 U.S. Dist. LEXIS 77109, *26 (S.D.N.Y. Oct. 12, 2007) (25% reduction in part to address overstaffing issues); *Siegel*, 2016 U.S. Dist. LEXIS 38799 at *12; *Dajbabic*, 995 F. Supp. 2d at 215 (Reducing requested fees by 50%). Yet, here, the District Court did not reduce for overstaffing reasons. (Appx. 18-19). Accordingly, the District Court abused its discretion as it relates to overstaffing and the resulting duplicative efforts.

### D. <u>The District Court abused its discretion by declining to reduce hours for internal communications.</u>

Courts regularly reduce hours for internal communications. *See Torres*, 2020 U.S. Dist. LEXIS 98435 at *19 (stating that time spent on internal conferences is "harder to verify and therefore more likely to be excessive"); *Dajbabic*, 995 F. Supp. 2d at 214-215 (finding billing records "problematic" where an associate billed a "full

hour's worth of time for an email exchange dedicated solely to *setting up* a phone conference"); *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 509 (S.D.N.Y. 2012) (reducing hours by 20% for unnecessary billing for "internal meetings between the attorneys assigned to the case").

Here, the District Court stated that "the time WLF spent on internal communications is limited and entirely reasonable." (Appx. 19). However, WLF's billing practices make clear that █████████████████████████████

█████████████████████████. (App. 174-76, 178-201). Specifically, █ ██████ ██ ████████ ███ ██ █ ███ ███ ████

█████████████████████ (Appx. 175, 195, 220). Thus, the Court awarded ███████████████. (Appx. 21, 175, 195, 220). Though some internal communication is necessary, the amount awarded by the District Court is clearly excessive and in contrast with caselaw. *See Ryu v. Hope Bancorp, Inc*., 786 Fed. Appx. 271, 272 (2d Cir. 2019) (affirming award for internal communications after 20% across the board reduction). As such, the District Court abused its discretion and excessive internal communications should be reduced.

### E. The District Court abused its discretion by declining to reduce hours for vague entries and block billing.

The District Court abused its discretion in finding that WLF's time entries were not vague and contained "little block billing." (Appx. 20-21). Generally,

"some specificity is required in time entries to enable the court to determine whether a reasonable amount of time was spent on each activity, and to determine whether the particular activity is compensable." *Miroglio S.P.A. v. Conway Stores, Inc.*, 629 F. Supp. 2d 307, 313 (S.D.N.Y. 2009). Courts routinely reduce requested hours for vagueness when information about the subject matter is lacking. *See LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 525-26 (S.D.N.Y. 2010) (reducing hours for entries like "meeting w/ cocounsel" and "conference w/ c-counsel"); *Kirsch*, 148 F.3d at 172 (upholding reduction of 20% for entries such as "letter to court," "staff conference," and "work on motion"); *Spalluto v. Trump Int'l Hotel & Tower*, 04-cv-7497, 2008 U.S. Dist. LEXIS 77701, *8 (S.D.N.Y. Oct. 2, 2008) (reducing hours for vague entries); *Torres*, 2020 U.S. Dist. LEXIS 98435 at *18-19 (collecting cases).

At the same time, block billing is "most problematic where large amounts of time (e.g., five hours or more) are block billed, and such lack of specificity meaningfully clouds a reviewer's ability to determine the projects on which significant legal hours were spent." *Raja v. Burns*, 43 F.4th 80, 89-90 (2d Cir. 2022) (internal quotation marks omitted). Though not prohibited, block billing can make it "exceedingly difficult for courts to assess the reasonableness of the hours billed … [and so,] [i]n such circumstances courts have found it appropriate to cut hours across the board by some percentage." *Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.*, 277 F. Supp. 2d 323, 325-26 (S.D.N.Y. 2003); *see also Green*, 403 Fed. Appx.

25

at 630 (no abuse of discretion in district court's 15% reduction due to block billing); *Dajbabic*, 995 F. Supp. 2d at 214 (reducing hours by 50% in part because "billing records are not sufficiently informative").

Here, WLF's time entries are vague. For instance, ███████████████ ██████████████████████████████████ (Appx. 175; 212-15). However, it is impossible to delineate how much time Ms. Palmatier spent ████████████████████████████. Additionally, Ms. Palmatier billed a total of ██████████████████████████ ██████████████████ (Appx. 175-76, 219-22). Moreover, a review of Ms. Washington's time entries makes clear that she billed for at least ████████ ████████████████████████. (Appx. 174-75, 182, 184-86, 189-90, 193, 196). Additionally, Ms. Davis billed █████████ ██████████████████. (Appx. 174-76, 224, 226-27). Also, Ms. Best billed ████████████████████████████████ ██████████████████████ (Appx. 175, 203). These entries are too vague to discern the reasonableness of the hours billed.

Also, the District Court ignored WLF's block billing. For instance, in addition to her vague and block billed entries ████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████

26

███████" (Appx. 174-75, 213-15). Similarly, on ████████████████

████████████████████████████████████████████████████████

███████████████████ ████ ███████ (Appx. 175, 216-18). With these two

entries, it is impossible to decipher the time spent on each portion of the entry and

thus, whether the time spent was reasonable. Likewise, the District Court awarded

Ms. Washington ████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████ (Appx. 174, 182-83).

In total, at least ███████████████ that the District Court awarded WLF

should have been reduced for vagueness. (*See generally*, 174-76). In addition to the

████████████████████████████████████████████████████████

██████████████████████████████. *Id*. Moreover, WLF

block billed ██████████████. *Id*. Thus, the District Court abused its

discretion and the hours should be reduced.

### F. The District Court abused its discretion by declining to reduce hours for clerical work.

The District Court also abused its discretion as it relates to clerical work

performed by attorneys. Courts typically exclude hours spent on "clerical or other

work not compensable at an attorney's rate, such as copying, mailing, and uploading

---

[2] Ms. Palmatier had already billed ████████████████████████. (Appx. 213).

documents to [the] Court's Electronic Case Filing system." *Emerson Elec. Co. v. Asset Mgmt. Assocs. of N.Y., Inc*., 16-cv-1390 (PKC) (SIL), 2024 U.S. Dist. LEXIS 92808, *11 (E.D.N.Y. May 23, 2024). Here, the District Court awarded ███ ████████████████████████████████████████████████ (Appx. 21, 174, 187). This is a clerical task billed by an attorney and should have been reduced or excluded. As such, the District Court abused its discretion.

## IV. THE LOWER COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE TIME WLF AND THE SPIGGLE LAW FIRM SPENT WAS NOT DUPLICATIVE.

The District Court abused its discretion in deciding that WLF and TSLF did not duplicate efforts. (Appx. 17-18). In a case involving multiple attorneys, the court "**must** account for duplicative or repetitive work to ensure that the … fees represent only work that was necessary to the litigation and a cost-efficient use of co-counsel and outside counsel." *Simmonds*, 2008 U.S. LEXIS 74539 at *6 (internal quotation marks omitted) (emphasis added); *see also DeMarco*, 2014 U.S. Dist. LEXIS 100793 at *27 ("[w]hile the use of multiple attorneys is not unreasonable *per se*, courts should reduce the hours actually expended to account for duplicative or repetitive work."). Ultimately, "work rendered by multiple attorneys is recoverable so long as the party seeking fees can show that the attorneys engaged in distinct tasks." *28th Highline Assocs., LLC v. Roache*, 18-cv-01468 (VSB) (KHP), 2019 U.S. Dist. LEXIS 128105, *17 (S.D.N.Y. Jul 29, 2019). However, here, the District

28

Court simply concluded that "the work conducted by both firms does not appear duplicative." (Appx. 18). Yet, the District Court did not review the myriad of joint calls and email correspondences between the firms. (Appx. 17-18, 174-76, 235-48).

Additionally, the District Court failed to consider that the two firms requested a combined ███████████████████████. *Id*. Courts routinely find that this amount of time is excessive ███████████████. *See Johnson v. City of New York*, 16-cv-6426 (KAM) (VMS), 2023 U.S. Dist. LEXIS 22582, *42-43 (E.D.N.Y Feb 8, 2023) (reducing time spent drafting complaint by 30%, to 25.86 hours); *DeCastro*, 2017 U.S. Dist. LEXIS 162737 at *18 (holding 21 hours for drafting and editing the initial and amended complaints as unreasonable); *Williams*, 2018 U.S. Dist. LEXIS 109422 (collecting cases); *See Hines v. 1025 Fifth Ave. Inc.*, 14-cv-3661 (SAS), 2015 U.S. Dist. LEXIS 84946, *19 (S.D.N.Y. June 30, 2015) ("58.2 hours is far too much time for a 27-page complaint.").

Here, prior to TSLF's engagement, Ms. Palmatier billed ███████████████ ████████████████████████████████████████████ ████████████████████████████ (Appx. 174-76). At the same time, ████████████████████████████. (Appx. 235-48). Despite this, the District Court was silent as to the reasonableness of the time allegedly spent █ ████████████████████. (Appx. 1-22).

Also, the District Court failed to analyze the value of Ms. Palmatier's work

product, ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████."

*Simmonds*, 2008 U.S. LEXIS 74539, *6; (*See generally*, Appx. 1-22). Thus, the

District Court again abused its discretion when it failed to properly analyze if the

time awarded by WLF was duplicative of the time requested by TSLF.

## CONCLUSION

The District Court abused its discretion in awarded WLF a lien of $22,400.

The rates and hours awarded were excessive. Likewise, the District Court abused

its discretion when it failed to reduce hours unreasonably expended and did not

properly analyze if WLF and TSLF duplicated their work.

Therefore, for the foregoing reasons, it is respectfully requested that the

District Court's Order be reversed and remanded.

Dated:      New York, New York
               December 2, 2024

                                    Respectfully submitted,

                                    **ARCÉ LAW GROUP, P.C.**
                                    *Attorneys for Plaintiff-Appellant*

                                    */s/ Gregory Kirschenbaum*
                                    Greogry W. Kirschenbaum, Esq.
                                    45 Broadway, Suite 430B
                                    New York, New York 10006
                                    (212) 248-0120

**Federal Rules of Appellate Procedure Form 6. Certificate of Compliance With Type-Volume Limit**

Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements

1. This document complies with Fed. R. App. P. 32(a)(7)(B) and Fed. R. App. P. 5(c)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

   ☑ this document contains [*7,191*] words, **or**

   ☐ this brief uses a monospaced typeface and contains [*state the number of*] lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   ☑ this document has been prepared in a proportionally spaced typeface using [*Microsoft Word*] in [*font size 14 and Times New Roman*], **or**

   ☐ this document has been prepared in a monospaced typeface using [*state name and version of word-processing program*] with [*state number of characters per inch and name of type style*].

(s) _____

Attorney for: <u>Appellant</u>

Dated: <u>12/2/2024</u>