24-2275
*Minott v. The Washington Law Firm PLLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of July, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

TIFFANY MINOTT,

       *Plaintiff-Appellant,*

       v.                        No. 24-2275

THE WASHINGTON LAW FIRM PLLC,

       *Movant-Appellee.**

_____

_____

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Plaintiff-Appellant:**          GREGORY W. KIRSCHENBAUM, Arcé Law Group, P.C., New York, NY.

**For Movant-Appellee:**          STEPHEN BERGSTEIN, Bergstein & Ullrich, New Paltz, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Margaret M. Garnett, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 24, 2024 order of the district court is **AFFIRMED**.

Tiffany Minott appeals from an order of the district court granting her former attorneys, The Washington Law Firm PLLC ("WLF"), a charging lien of $22,400.00 as payment for pre-litigation services rendered by the firm. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review a district court's award of attorney's fees for abuse of discretion," *McDaniel v. County of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010), bearing in mind that our review is "highly deferential" "[g]iven the district court's inherent institutional advantages in this area," *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 265 (2d Cir. 2014) (internal quotation marks omitted). Here, Minott

2

does not dispute that WLF is entitled to a charging lien; rather, she contends that the amount the district court awarded is unreasonable. Specifically, Minott challenges the district court's calculation of the "lodestar" – a court-approved method that determines a "presumptively reasonable fee" by multiplying the "reasonable hourly rate" by the number of hours reasonably expended. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (internal quotation marks omitted).

Beginning with the hourly rates, we see no abuse of discretion in the district court's assessment of the reasonable rates for partner Melissa Washington, associate Ivey Best, law clerk and later associate Katlyn Palmatier, and paralegal Jennifer Davis. We have held that a reasonable hourly rate is one that "a reasonable, paying client would be willing to pay." *Id.* at 184. Contrary to Minott's assertions, the record reflects that the district court carefully weighed all the evidence, which included sworn declarations from three of the four individuals and an outside attorney, Marjorie Mesidor, with extensive experience in the field. The district court also fairly accounted for "the nature of representation and type of work involved in [the] case" in setting the rates. *Id.* at 184 n.2.

For starters, the district court considered a declaration from Washington describing her 15 years of experience as a plaintiff-side employment lawyer. Though Washington and Mesidor attested that comparable lawyers in this space typically charge around $650 per hour, the district court recognized that this was "a straightforward employment discrimination case," App'x at 12 (internal quotation marks omitted), and that, in a similar case, another lawyer had charged $600 per hour, *see Bergerson v. N.Y. State Off. of Mental Health*, 652 F.3d 277, 290 (2d Cir. 2011) (describing how courts should consider "the hourly rates employed in the district" in analogous cases (internal quotation marks omitted)). The district court then lowered Washington's rate even further in light of the parties' stipulation to a rate of $550 per hour in their retainer agreement, a consideration that we have recognized to be entirely "sensible." *Sands v. Runyon*, 28 F.3d 1323, 1334 (2d Cir. 1994) (internal quotation marks omitted).

The district court reviewed a similar declaration from Best that described her four years as an employment-law attorney and her belief that $450 per hour was a fair rate. Far from relying solely on this statement, however, the district court also considered Best's "limited role" in Minott's case, App'x at 13, and recent cases where associates with two-to-four years' experience earned $150 to $275 per

4

hour, *see Bergerson*, 652 F.3d at 290. The district court then reasonably concluded that a rate of $350 per hour was appropriate given the fact that those cases were a few years old.

For Palmatier, the district court properly noted that she had worked on the case both as a law clerk and as a first-year associate, and carefully distinguished between the rates and hours worked in each capacity. Relying on Palmatier's declaration, Mesidor's supporting declaration, and comparator cases in the district, the district court reasonably concluded that $150 per hour was an appropriate rate for the hours Palmatier worked as a law clerk and $250 per hour was an appropriate rate for the hours she worked on the case as a first-year associate, after she had passed the bar exam. Though Minott identifies a handful of cases where law clerks and junior associates were awarded less than the rates applied here, she fails to explain why the rates reached by the district court amounted to an abuse of discretion. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) (describing how "appellate courts must give substantial deference" in reviewing attorney's fees).

With respect to Davis, Minott is simply incorrect that there was "no information . . . provided" about Davis's experience as a paralegal to justify her

5

rate. Minott Br. at 14   In fact, the district court considered a declaration from Washington indicating that Davis joined WLF in 2022 as "Director of Operations and Administration" and that she had several years' experience supporting attorneys in litigation.   App'x at 69.   The district court also examined the range of rates recently awarded to paralegals in the district before awarding Davis $150 per hour at the very bottom end of that range.

In short, we find that all four rates selected by the district court are eminently reasonable, and we decline Minott's invitation to second-guess them. *See Fox*, 563 U.S. at 838.

We similarly see no abuse of discretion in how the district court determined the number of hours worked by each of these timekeepers.   Though the district court acknowledged that WLF engaged in some "block billing," this "practice is by no means prohibited," *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022), and it did not prevent the district court from conducting a thorough review of all requested hours.   The district court not only reviewed the time sheets submitted on behalf of the four individuals, but also time sheets from co-counsel, The Spiggle Law Firm ("TSLF"), to ensure there were no duplicative or excessive entries.   The district court even "trimm[ed] fat" in a few areas.   *Id.* (internal quotation marks omitted).

For instance, the district court excluded two entries that had a "No charge" parenthetical next to them, and declined WLF's request to include hours spent litigating attorney's fees.   Though Minott argues that the district court could have cut the hours even more, we cannot say that the district abused its discretion or that it missed the "essential goal" of providing "rough justice" under the circumstances.   *Fox*, 563 U.S. at 838.

Finally, we are unpersuaded that the total award does not satisfy "the overriding criterion . . . that it be fair."   *Sutton v. N.Y.C. Transit Auth.*, 462 F.3d 157, 161 (2d Cir. 2006) (internal quotation marks omitted).   While Minott insists that she should not be required to pay for pre-litigation services when she only retained WLF on a contingency basis, the retainer agreement expressly states that WLF would "be entitled to the reasonable value of [its] services . . . *plus* [a] . . . percentage of the net proceeds that [she] eventually receive[s]" if the firm were to be terminated without cause, as it was here.   App'x at 139 (emphasis added). And while Minott appears to contend that the district court's fee award was unfair because it was TSLF, not WLF, that litigated the case in federal court, Minott herself agreed to that very co-counsel arrangement.

*       *       *

7

We have considered Minott's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court